# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PRO ASSURANCE SPECIALTY
INSURANCE COMPANY,

        Plaintiff,

    v.

NAJEEB K. ANSARI,

        Defendant.

Case No. 1:25-cv-01207-SAB

ORDER DISCHARGING JANUARY 5, 2026
ORDER TO SHOW CAUSE, CONTINUING
INITIAL SCHEDULING CONFERENCE,
AND DIRECTING PLAINTIFF TO MOVE
FOR LEAVE TO AMEND

(ECF No. 8, 10)

On January 5, 2026, the Court issued an order to show cause requiring Plaintiff to respond in writing why no joint scheduling order had been filed. (ECF No. 8.) On January 9, 2026, Plaintiff filed a declaration and stated therein that the delay was caused by an error in updating email information. (ECF No. 10.) In addition, Plaintiff informs the Court that service was completed on Defendant Najeeb K. Ansari and that no answer has been filed. (Id.) Thus, Plaintiff plans on moving for an entry of default judgment. However, Plaintiff also informs the Court that the defendant stylized as "Jane Doe L.G." in the complaint is a known person to Plaintiff, and Plaintiff will seek leave to amend in order to clarify that L.G. is a known person and to have a summons issued.

The Court has reviewed Plaintiff's declaration and, finding good cause, DISCHARGES the January 5, 2026 order to show cause. In light of the forgoing, the Court CONTINUES the initial scheduling conference to May 19, 2026, at 9:30 a.m.

In addition, the Court ORDERS that Plaintiff shall have **fourteen (14) days** from the entry of this order in which to move to amend the complaint.  Should Plaintiff seek to have defendant "Jane Doe L.G." proceed under initials, Plaintiff shall include argument and authority for doing so.[1]  The Court observes that should the Court grant leave to amend, Plaintiff will need to effectuate service on all parties in the amended complaint (including Defendant Ansari) before waiting the required time to move for an entry of default as to the amended complaint.

Finally, the Court is not an official timekeeper for Plaintiff, who is in charge of the prosecution of this case.  This including calendaring the appropriate dates and moving for an entry of default without prompting by the Court.

IT IS SO ORDERED.

Dated:   **January 12, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] In particular, the Court observes that Federal Rule of Civil Procedure 5.2 allows for the use of initials as a matter of course in the case of a minor.  Based on the allegations in the complaint, it appears that L.G. may no longer be a minor; however, the Court is aware of appropriate instances of partial redaction in specific types of cases.

2