# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROASSURANCE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NAJEEB K. ANSARI,<br><br>Defendant. | Case No. 1:25-cv-01207-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND VACATING MARCH 4, 2026 HEARING<br><br>(ECF No. 12)<br><br>**THREE DAY DEADLINE** |

Before the Court is Plaintiff's motion to file a first amended complaint. (ECF No. 12.) Defendant Najeeb K. Ansari did not file an opposition and the time to do so has now passed. L.R. 230(c). Having reviewed the motion, the Court finds this matter suitable for decision without oral argument. See Local Rule 230(g).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d. 222 (1962) (quoting Fed. R. Civ. P. 15(a)). In other words, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

1       In its motion, Plaintiff seeks leave to amend its complaint to name Defendant "Jane Doe
2 L.G." as "L.G." and proceed anonymously. (ECF No. 12, p. 2.) Federal Rule of Civil Procedure
3 10(a) directs that a "complaint must name all the parties," and the "use of fictitious names runs
4 afoul of the public's common law right of access to judicial proceedings." <u>Does I thru XXIII v.</u>
5 <u>Adv. Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000). However, a plaintiff may proceed
6 anonymously in the "unusual case when nondisclosure of the party's identity is necessary . . . to
7 protect a person from harassment, injury, ridicule or personal embarrassment," and that need
8 "outweighs prejudice to the opposing party and the public's interest in knowing the party's
9 identity." <u>Id.</u> at 1067-68.

10       Here, in the underlying action that forms the basis of this insurance coverage dispute,
11 Jane Doe L.G. alleges that Defendant Ansari sexually molested her during an examination when
12 she was fifteen years old. (ECF No. 12, p. 2.) The Ninth Circuit has recognized instances where
13 a pseudonym may be permissible, including the need to protect a party's identity in matters "of
14 sensitive and highly personal nature." <u>See</u> <u>Adv. Textile Corp.</u>, 214 F.3d at 1067. Courts have
15 determined that allegations of a sexual nature fall within this category. <u>See</u> <u>Doe v. Rose</u>, No.
16 CV-15-07503-MWF-JC, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2024) (collecting cases);
17 <u>Doe v. Hebbard</u>, No. 21-cv-00039-BAS-AGS, 2021 WL 1195828, at *1 (S.D. Cal. Mar. 30,
18 2021); <u>Doe v. Pasadena Hosp. Ass'n Ltd.</u>, No. 2:18-cv-09648-DDP-SK, 2018 WL 6831533, at
19 *2 (C.D. Cal. Dec. 26, 2018). Moreover, Plaintiff asserts that it will not suffer prejudice at this
20 time and contends that because the dispute concerns whether Defendant Ansari is covered under
21 a healthcare professional liability insurance policy, there is no public interest in disclosing the
22 identity of Jane Doe L.G. (ECF No. 12, p. 6.)

23       The Court finds that good cause exists to permit Plaintiff to amend its complaint to
24 identify Defendant "Jane Doe L.G." as "L.G." Plaintiff's motion for leave to amend implicates
25 none of the <u>Foman</u> factors, and Plaintiff has not previously amended its complaint. In light of
26 these findings, and because the motion was unopposed, the Court finds granting leave to amend
27 is appropriate.
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend and proceed anonymously (ECF No. 12) is GRANTED;

2. Within **three (3) days** of service of this order, Plaintiff shall file the proposed amended complaint (ECF No. 12-3) on the docket; and

3. The March 4, 2026 hearing on Plaintiff's motion for leave to amend is VACATED.

IT IS SO ORDERED.

Dated:   **February 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge