# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROASSURANCE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NAJEEB K. ANSARI, et al.,<br><br>Defendants. | Case No. 1:25-cv-01207-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE A MOTION FOR DEFAULT JUDGMENT REGARDING DEFENDANT NAJEEB K. ANSARI<br><br>**THIRTY-FIVE DAY DEADLINE** |

Plaintiff commenced this action on September 15, 2025. (ECF No. 1.) On June 29, 2026, the Clerk of the Court entered default against Defendant Najeeb K. Ansari. (ECF No. 27.)

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb. 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, (9th Cir. 1991) (cleaned up).

As Defendant Ansari is in default, the Court will set a deadline for a motion for default judgment to be filed.

1

Accordingly, IT IS HEREBY ORDERED that:

1.   Within **thirty-five (35) days** from the date of service of this order, Plaintiff shall file a motion for default judgment as to Defendant Najeeb K. Ansari; and

2.   Plaintiff is advised that the failure to comply with this order shall result in a recommendation that this defendant be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **June 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2